**RIGNEY v. WILSON & CO., Inc.**
**Civ. A. No. 152.**

District Court, S. D. West Virginia.
July 11, 1945.

Joseph M. Sanders, of Bluefield, W. Va., for plaintiff.

George Richardson, Jr., of Bluefield, W. Va., for defendant.

MOORE, District Judge.

Plaintiff brings this action against the defendant claiming compensation for overtime work under the provisions of the Fair Labor Standards Act, and seeking judgment for the amount found to be due him, plus an additional equal amount as liquidated damages, and a reasonable attorney's fee as provided therein. 29 U.S. C.A. § 216.

#### Findings of Fact.

Plaintiff was employed by the defendant to work as a shipping clerk in defendant's place of business at Northfork, West Virginia. His contract of employment provided for a salary of $32 per week. No regular number of hours of work per week was agreed upon, but plaintiff actually worked more than 40 hours each week be-

ginning August 21, 1943, and ending September 30, 1944. The total number of hours worked by plaintiff in excess of 40 hours per week during his employment was 410¼ hours.

Defendant's place of business at Northfork was divided into three departments, namely, shipping, salesmen and office. Plaintiff was first designated as shipping clerk, and later as manager of the shipping department. There were no subdivisions in the shipping department. The personnel of the shipping department in addition to Rigney comprised the following:

| | |
|---|---|
| Clerk | Ramsey |
| Chauffeur | Smith |
| Chauffeur | Terry |
| Lugger | Robbins |
| Lugger | Kemp |
| Lugger | Packer |
| Lugger | Alley |
| Egg candler | Nowlin |
| Egg candler and lugger | Wood |

The clerk was not under Rigney's supervision at all. The two chauffeurs were under his supervision only to a limited extent while they were actually loading their trucks. The egg candlers were under his supervision only in so far as their duties in furnishing eggs in sufficient quantity for shipments were concerned. The candling of eggs was not done under his direction. The only persons who were under the complete supervision of Rigney were the luggers. The luggers were the employees who did the manual labor in connection with defendant's business of storing and shipping meats and kindred products.

Plaintiff customarily and regularly directed the work of the luggers in the shipping department. Plaintiff's suggestions and recommendations as to the hiring or firing or other change of status of the luggers were given particular weight.

The only discretionary power exercised by plaintiff was occasional substitution of one kind of meat for another on customers' orders. He did not exercise any discretion in connection with the rationing of meats or the general management of the shipping department. His whole employment was of a menial and routine character. He did not customarily and regularly exercise any discretionary powers.

Plaintiff spent more than 20 percent of his working time in helping to load and unload meats and other products, wrapping meats, cleaning up the premises, defrosting the refrigeration rooms, and other work of a similar kind as that performed by the luggers, although not doing exactly the same work which the luggers did.

### Discussion.

■ It is clear to me that the purpose of the Fair Labor Standards Act in relation to overtime pay for non-exempt employees is to grant the right to overtime pay to that class of employees who come within the commonly understood designation of workers as distinguished from managers, superintendents, foremen or bosses. The basis on which defendant claims that plaintiff is exempt from provisions of the Act is that he was "employed in a bona fide executive * * * capacity." 29 U.S.C.A. § 213(a). The regulation of the Administrator contains a comprehensive definition of such an employee as follows:

"Sec. 541.1. Executive.—The term 'employee employed in a bona fide executive * * * capacity' in section 13(a) (1) of the Act shall mean any employee

"(A) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(B) who customarily and regularly directs the work of other employees therein, and

"(C) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and

"(D) who customarily and regularly exercises discretionary powers, and

"(E) who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities), and

"(F) whose hours of work of the same nature as that performed by nonexempt employees do not exceed twenty per cent of the number of hours worked in the work-week by the nonexempt employees under his direction; provided that this subsection (F) shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment."

It will be noted that an employee who fails to qualify under any one of the six paragraphs of the definition must be deemed to be a non-exempt employee to the same extent as one who meets none of the requirements of the definition.

### Conclusions of Law.

"The Fair Labor Standards Act is remedial in its nature and should be liberally construed, and the exceptions to the coverage of the Act should be narrowly construed" Fellabaum v. Swift & Co., D. C., 54 F.Supp. 353, 355.

The plaintiff's employment was such as to bring him as a matter of law within Paragraphs "B," "C" and "E" of the Administrator's definition, but to exclude him from Paragraphs "A," "D" and "F."

An employee, the nature of whose employment is such as to exclude him from the scope of any one or more of the six paragraphs of the Administrator's definition of employment in a bona fide executive capacity, is not exempt from the overtime pay provisions of the Fair Labor Standards Act. Such employee is entitled to overtime pay if he works more than 40 hours in any one week.

The rate of pay for overtime employment in cases where regular weekly hours are not fixed, but the employee works a fluctuating number of hours each week, is to be determined as follows: by dividing the weekly salary by the total number of hours worked in each separate week and using the figure so obtained as the hourly rate of pay for that week. The employee is then entitled to overtime pay at one-half the hourly rate for work in that week in excess of 40 hours.

Applying the foregoing method of calculation to a schedule of overtime hours, which is not set out here because of its complexity but which the parties have agreed is correct, the plaintiff is entitled in this action to recover the sum of $132.76 as unpaid overtime compensation, and an additional amount of $132.76 as liquidated damages.

Plaintiff is also entitled to a reasonable attorney's fee, which is allowed in the sum of $150.

Plaintiff is also entitled to a judgment for costs.

An order may be submitted for entry carrying the foregoing into effect.