**RENFROE v. WILSON & CO., Inc.**

**Civ. No. 379.**

United States District Court
N. D. Florida, Pensacola Division.

May 23, 1950.

William Fisher, Jr., of Fisher, Fisher, Hepner & Fitzpatrick, Pensacola, Fla., for plaintiff.

E. Dixie Beggs, Pensacola, Fla., for defendant.

DE VANE, District Judge.

Plaintiff brings this suit to recover unpaid overtime compensation alleged to be due him and for an additional equal amount as liquidated damages and reasonable attorney's fee. The complaint alleges that for a number of years, ended August 29, 1949, plaintiff was continuously employed by the defendant at its Pensacola, Florida plant in the capacity of shipping clerk or shipping manager; that plaintiff was subject to and entitled to the benefits of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The defense interposed by defendant is that plaintiff, during the period of his employment covered by this suit, was not entitled to the benefits of the Fair Labor Standards Act of 1938 by reason of the fact that plaintiff was employed by defendant as a department head, with the title of "Manager of the Shipping Department", which was in an executive capacity and by reason of such capacity plaintiff was exempt from the provisions of said Act, under Section 13(a) (1).

The parties are in agreement that the compensation received by plaintiff not the requirements of Section 13(a) (1) and the issue before the court is whether or not he also fulfilled all the other five requirements as promulgated by the Administrator.

Except in one particular the facts in the case are not in dispute. Plaintiff had been in the employ of defendant for approximately thirteen years when he was discharged in August, 1949 because of ill health. During the first half of his employment plaintiff had worked as a laborer in the shipping department in defendant's warehouse at Pensacola, Florida. In December, 1942 he was promoted and made head of the shipping department. That was merely one step from the position he had formerly occupied in that department. The evidence shows he had a fluctuating number of employees working under him, ranging from three to ten or more, depending on the business done by the defendant in that locality. During the War defendant did a large amount of business, but shortly after the end of hostilities and the removal of many of the Armed Service personnel from the vicinity business decreased substantially.

Plaintiff's duties consisted of supervising employees under him, assisting them when necessary in their work and checking in and out of defendant's warehouse every item of merchandise that passed through it. The latter activity required a very substantial part of plaintiff's time when the business load was heavy. During the slack periods plaintiff would check merchandise in the coolers, defrost the coolers, when necessary, candle eggs, supervise the cleaning up of the premises and take orders over the telephone.

There is considerable testimony in the record bearing on the question whether plaintiff complied with several of the six requirements necessary to exempt him from the benefits of the overtime provisions of the Act, however, the court deems it only necessary to refer to two of them. First, the evidence fails to show that plaintiff "customarily and regularly exercised discretionary powers". His work in checking in and out every item of merchandise that passed through defendant's warehouse was as routine as were the duties of the employees under him who moved the merchandise. His duties required him to check ev-

ery item, what it consisted of and its weight. He exercised no discretionary powers in the performance of these duties, and the evidence falls far short of showing that plaintiff customarily and regularly exercised discretionary powers.

 Plaintiff claimed that more than 20% of his time was spent in doing labor of the same character as that performed by the employees under his supervision. This is denied by defendant and it introduced testimony to prove that not more than 15% of plaintiff's time was actually spent in such activities. The witnesses called by defendant to prove this fact all testified they were on a 40 hour week, that they never worked at the plant on Saturday and had no knowledge of the character of work performed by plaintiff on Saturdays. Plaintiff was required to work a part-day every Saturday and most of the overtime made by him was accounted for because of the extra hours worked on Saturdays. All other employees worked 8 hours each day, 5 days a week and such manual labor as had to be done on Saturdays plaintiff either did it himself or employed extra labor to do it for him or help him do it.

As pointed out above, there is not a great difference in the testimony of plaintiff and his witnesses and the testimony of defendant's witnesses as to the hours of work performed by plaintiff of the same character as that performed by non-exempt employees. The testimony of defendant's witnesses has the amount of this work falling only 5% short of the requirements to place plaintiff under the Act and this estimate takes no account of the Saturday work performed by plaintiff. The overtime work performed by plaintiff during the period covered by this suit is approximately 20% of the time worked by those employees who worked on a 40 hour week basis. Plaintiff testified a very substantial part of the work on Saturdays was of the nature as that performed by non-exempt employees and it is not difficult to understand why this must be true, considering that plaintiff had to do the work himself or employ special labor to do it or to assist him in doing it. The court finds and holds, upon the evidence in this case, that the hours of work performed by plaintiff of the same nature as that performed by non-exempt employees exceeded 20% of the number of hours worked in the work-week by the non-exempt employees under plaintiff's direction.

The same question before the court here was before District Judge Moore of the Southern District of West Virginia in Rigney v. Wilson & Co., Inc., D.C., 61 F.Supp. 801 and Judge Moore there, on a very similar state of facts, reached the same conclusion that this court has reached in this case. The parties are in agreement as to the overtime hours worked during the period covered by this suit. They total 424¾ hours. They are also in agreement as to the potential overtime liability of defendant, in case defendant is liable to plaintiff for overtime pay. This potential liability amounts to $201.40.

 The court finds and holds that plaintiff is entitled to recover from the defendant the sum of $201.40 as unpaid overtime compensation and an additional amount of $201.40 as liquidated damages. Plaintiff is also entitled to reasonable attorney's fee, which is allowed and fixed in the sum of $100.00. Plaintiff is also entitled to a judgment for costs. A Judgment may be submitted for entry in accordance with this Memorandum Decision.